SOLTYS *v.* SOLTYS.

1. BILLS AND NOTES—RECEIPTS—NEGOTIABLE INSTRUMENTS—PROM-
ISSORY NOTES.

   Instrument, in form a receipt, was neither a negotiable in-
   strument nor a nonnegotiable promissory note, where it fixed
   no time of payment, was not made payable to order or bearer,
   and contained no promise to pay (CL 1948, § 439.3).

2. SAME—EVIDENCE—CHARACTERIZATION OF RECEIPT IN ASSIGNMENT.

   An attorney's characterization of a receipt as a promissory
   note in an assignment of the loan evidenced by the receipt
   and written on the back thereof did not change the char-
   acter of the receipt.

3. NOVATION—ASSIGNMENT.

   Demand loan which was assigned to plaintiff before payee's
   death and simultaneously with assignment became a loan
   payable within a year, in effect, became a new transaction
   between plaintiff and defendant obligor.

4. CONTRACTS—PERFORMANCE—TIME.

   Time of performance of a contract may be extended by parol,
   especially where time is not expressly made the essence of
   the contract.

5. SAME—MODIFICATION BY PAROL.

   Parties to a contract may add to, take from, and modify the
   terms by parol agreement entered into after the execution
   of the contract.

6. LIMITATION OF ACTIONS—NOVATION—ASSIGNMENT.

   The statute of limitations was not a bar to action commenced
   over 6 years after plaintiff's assignor loaned money to de-

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur, Bills and Notes § 11.
[3] 39 Am Jur, Novation §§ 13, 14.
[4, 5] 12 Am Jur, Contracts § 428.
[6] 39 Am Jur, Novation § 29.

fendant but less than 6 years from expiration of year within which defendant made new agreement to repay the loan when it was assigned to plaintiff (CL 1948, § 609.21).

Appeal from Wayne; Brennan (Vincent M.), J. Submitted April 10, 1953. (Docket No. 57, Calendar No. 45,814.) Decided June 8, 1953.

Assumpsit by Mary Soltys against Boleslaw Soltys for money loaned. Judgment for plaintiff in common pleas court was affirmed on appeal. Defendant appeals. Affirmed.

*Riseman, Lemke & Piotrowski,* for plaintiff.

*Robert D. Anspach (Larivee, Cross & O'Callaghan,* of counsel), for defendant.

BUTZEL, J. On May 6, 1952, Mary Soltys, plaintiff, brought suit in the common pleas court of Detroit, for the recovery of $1,000 from Boleslaw Soltys, defendant, who had originally borrowed the money from Peter Soltys, plaintiff's husband, now deceased. The sole document executed at the time of the loan is the following receipt:

"Received from Peter Soltys $1,000.00.
"3–28–46 (Signed) BOLESLAW SOLTYS."

This receipt was prepared by Alice Pausa, a daughter of defendant, who testified that when the loan was made defendant told Peter that any time the latter needed the money defendant would pay it. On June 29, 1946, Peter Boleslaw and Mary Soltys met with Chester S. Russ, an attorney, at Peter's home. Peter wanted to transfer the ownership of the lender's interest to his wife, and Mr. Russ wrote on the back of the receipt:

"For a valuable consideration, the receipt of which is hereby acknowledged, I, Peter Soltys, hereby set over and assign to my wife, Mary Soltys, the promissory note for a $1,000 executed by Boleslaw Soltys on the reverse side of this instrument.

(Signed) Peter Soltys.

"Dated June 29th, 1946, in Warren Township, Mich."

Attorney Russ testified that all parties (including Boleslaw) agreed at that time that the money should be paid within 1 year. It was not paid, notwithstanding demands thereafter made by plaintiff. Suit was begun on July 23, 1952, which was almost 4 months more than 6 years after the date of the original loan and less than 6 years from the expiration of the year agreed upon at the meeting, when the debt was assigned to plaintiff and when, in accordance with Mr. Russ' testimony, it was agreed that the $1,000 should be paid within 1 year.

In the common pleas court, defendant Boleslaw pleaded the statute of limitations and contended that there was no written extension of the loan and that the claim was outlawed in accordance with CL 1948, § 609.21 (Stat Ann § 27.613), which provides as follows:

"In actions founded upon contract express or implied, no acknowledgment or promise shall be evidence of a continuing contract, whereby to take a case out of the provisions of this chapter, or to deprive any party of the benefit thereof, unless such acknowledgment or promise be made or contained by or in some writing, signed by the party to be charged thereby."

Plaintiff recovered a judgment against defendant and on appeal to the Wayne county circuit court, the judgment of the lower court was affirmed and a judgment entered in the circuit court for $1,000, together with costs and interest from July 10, 1952, the

date of the judgment in the common pleas court. The sole question raised on appeal is the applicability of CL 1948, § 609.21 (Stat Ann § 27.613), hereinbefore set forth.

A number of cases are cited by appellant in which the foregoing statute was applied to negotiable instruments and where the provisions of the statute of limitations were strictly construed. This is necessary on account of the very nature of negotiable instruments. However, in the instant case there was at no time a negotiable instrument. The receipt lacks essential elements of a negotiable instrument, as set forth in CL 1948, § 439.3 (Stat Ann § 19.43). It fixes no time of payment; it is not made payable to order or bearer. It cannot even be called a nonnegotiable promissory note, because it contains no promise to pay. It is simply a receipt for money without even any indication of what it was given for. Attorney Russ, on cross-examination, stated that although he wrote the words "promissory note" in the assignment he meant only the loan. His characterization of a receipt as a promissory note did not change its character. It was and remained merely a receipt for $1,000. Defendant's daughter testified that when the loan was originally made it was to be paid when Peter Soltys needed or asked for it. No definite time of payment was fixed. Defendant's attorney insists that the loan was payable on demand and that it became due immediately after it was made. It was due on June 29, 1946, when all parties including plaintiff met. At that time it was agreed that the loan was to be paid within a year. Plaintiff, who was present, agreed and became party to the transaction at that time when the debt was contemporaneously assigned to her, although it was Peter Soltys, plaintiff's husband, who made the statement that the money should be paid within 1 year and defendant stated that he understood and that he would take care of it. In

effect it became a new transaction entered into by defendant with plaintiff after the original loan had become due and was unpaid.

It was claimed that the reason defendant did not pay the debt was because he paid the funeral expenses of Peter Soltys but it was shown that he collected adequate insurance moneys to pay these expenses. The court, in holding defendant liable, quoted from *Frazer* v. *Hovey,* 195 Mich 160, as follows:

"Time of performance of a contract may be extended by parol, and this is especially true where time is not expressly made the essence of the contract."

And, also, from *Pierson* v. *Davidson,* 252 Mich 319, as follows:

"It is always competent for parties to add to, take from, and modify the terms of an agreement by parol agreement entered into after the execution of the contract."

While it may be claimed that the statute of limitations did not arise in the cited cases, where the facts are entirely different and the suits were in equity, nevertheless in the instant case we have the additional fact that a new agreement was made on June 29, 1946, when according to defendant's own theory, the loan had become due and a new contract was entered into with plaintiff.

The judgment is affirmed, with costs to plaintiff.

DETHMERS, C. J., and ADAMS, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.